*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-377

FEBURARY TERM, 2013

| | |
|---|---|
| Allen Rheaume | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| v. | } Civil Division |
| | } |
| Robert Ide, Commissioner of Department of | } |
| Motor Vehicles, Daniel Porter, Carl Roberts | } DOCKET NO. 253-5-12 Frcv |
| and Brian Quinn | } |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals an order of the superior court, civil division, dismissing as untimely filed his complaint for review of governmental action under Vermont Rule of Civil Procedure 75.  We affirm.

Plaintiff is currently incarcerated in Kentucky and serving a sentence for a felony conviction with a maximum term of life imprisonment as a habitual offender.  Apparently, he was required to participate in a drunk-driver rehabilitation program (Project CRASH) following his conviction in September 2003 for DWI, fourth offense, and the second suspension of his license.  In May 2012, plaintiff filed a complaint under Rule 75 requesting that the superior court "assist the plaintiff in notifying the Commissioner of the Vermont Department of Motor Vehicles that the plaintiff has completed the needed and required criteria of the CRASH Driver Improvement Program for the reinstatement of the plaintiff's right to operate a motor vehicle in the State of Vermont."  Plaintiff asked the court to direct the program defendants to inform the commissioner that he had completed the program required for reinstatement of his driver's license.[*]  The trial court dismissed the complaint as untimely filed.  Plaintiff appeals, arguing that: (1) the limitations period in Rule 75 is tolled because of his incarceration; (2) his complaint is in the nature of a request for a writ of mandamus, which has no limitations period; and (3) he has a contractual right to reinstatement of his license.

When a person's driver's license is suspended for a second time, the license will not be reinstated until, among other requirements, "the person has successfully completed an alcohol and driving rehabilitation program" and "has completed or shown substantial progress in completing a therapy program at the person's own expense agreed to by the person and the driver rehabilitation program director."  23 V.S.A. § 1209a(a)(2)(A) and (B).  "A person aggrieved by a decision of a designated counselor under this section may seek review of that decision pursuant to Rule 75 of the Vermont Rules of Civil Procedure."  Id. § 1209a(d).  Rule 75 permits review of any action or failure to act by a state agency or political subdivision of the state, but requires that

---

[*] Although plaintiff named staff of Project CRASH as defendants, he never served them so the only defendant before us is the Commissioner of Motor Vehicles.

complaints be filed within thirty days after notice of any action or refusal to act or "in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred." V.R.C.P. 75(c). In this case, the superior court ruled that plaintiff's May 2012 complaint was not filed within a reasonable time following any failure of program personnel to inform the commissioner that petitioner had successfully completed program requirements in July 2007.

We need not consider the timeliness of plaintiff's complaint insofar as it fails to provide a basis for granting relief. The complaint fails to assert that plaintiff has asked program personnel of Project CRASH, a part of the Vermont Department of Health, to inform the commissioner that he has successfully completed program requirements. More fundamentally, the complaint fails to indicate that plaintiff has even sought, let alone been denied, reinstatement of his driver's license by the commissioner. Thus, there is no assertion that the commissioner refused to act on plaintiff's request for reinstatement or informed plaintiff that there was no confirmation of him having successfully completed program requirements. Under these circumstances, there is no basis upon which the court could provide relief. See V.R.C.P. 12(b)(6) (citing as defense to pleading failure to state claim upon which relief can be granted).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

2